## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| 1712308 ONTARIO INC. O/A<br>FOR THE AGES, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>HMS Mfg. Co.,<br><br>      Defendant. | C.A. No.: 2:17-cv-12392<br><br>**JURY TRIAL DEMANDED**<br>**INJUNCTIVE RELIEF SOUGHT** |

## COMPLAINT

Plaintiff 1712308 Ontario Inc. o/a For the Ages, Inc. ("For the Ages"), as

and for its Complaint against HMS Mfg. Co. ("HMS"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    1712308 Ontario Inc. o/a For the Ages, Inc. is a corporation organized

and existing pursuant to the laws of Ontario, Canada with its principal place of

business located in Toronto, Ontario, Canada.

2.    HMS Manufacturing Company is a corporation organized and existing

pursuant to the laws of the State of Michigan with its principal office located in

Troy, Michigan.

3.    This action arises under the Patent Act, 35 U.S.C. §§ 271, *et seq.*, such

that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1338.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b),

because HMS resides in this district and/or has committed acts of infringement and

has a regular and established place of business in this district.

## FACTS

5.      On July 2, 2013, the United States Patent and Trademark Office

("USPTO") duly and legally issued U.S. Patent No. 8,474,640 (the "'640 patent"),

entitled "Combined Apparatus for Storage," to Stephen G. Armstrong

("Armstrong").  A true and accurate copy of the '640 patent is attached as **Exhibit**

**A** to this Complaint.

6.      On June 10, 2014, the USPTO duly and legally issued U.S. Patent No.

8,746,491 (the "'491 patent"), entitled "Apparatus for Storing Articles," to Mr.

Armstrong.  A true and accurate copy of the '491 patent is attached as **Exhibit B** to

this Complaint.

7.      On January 5, 2016, the USPTO duly and legally issued U.S. Patent

No. 9,226,558 (the "'558 patent"), entitled "Apparatus for Storing Articles," to Mr.

Armstrong.  A true and accurate copy of the '558 patent is attached as **Exhibit C** to

this Complaint.

8.      Mr. Armstrong, as owner and inventor of the '640 patent, '491 patent,

and '558 patent, has assigned all right, title to, and interest in the '640 patent, '491

patent, and '558 patent to For the Ages.

9.      For the Ages sells totes with compression bags under the brands

SuperPack and StoreSmart.

10.     The SuperPack and StoreSmart totes with compression bags have

enjoyed significant success in the market in the United States and elsewhere.

11.     The function of the SuperPack tote with compression bag is protected

by patents, including by the '640 patent, '491 patent, and '558 patent.

12.     For the Ages has, at all relevant times, complied with any and all

marking requirements of 35 U.S.C. § 287 by placing a notice of the '640 patent on

substantially all goods made, offered for sale, sold, and/or imported into the United

States that embody one or more claims of that patent and/or by providing HMS

with actual or constructive notice of the patent.

13.     Upon information and belief, HMS makes, uses, sells, and/or offers to

sell and induces others to make, use, sell, and/or offer to sell, a competing tote with

compression bag(s) (the "accused product"), that embodies and/or uses the

inventions claimed in the '640 patent, '491 patent, and/or '558 patent.

14.     The accused product is offered for sale and sold throughout the United

States, including without limitation, at Walmart stores, where the accused product

is sold as the "Hefty" branded "Shrink-Pak Combo" with "4-LG BAGS" and "1-

JUMBO ZIPPER TOTE."

15.     HMS has received actual and constructive notice of at least the '640 patent.

## COUNT I

### Infringement of U.S. Patent No. 8,474,640

16.     For the Ages incorporates by reference the allegations set forth in Paragraphs 1 through 15 as though fully set forth herein.

17.     The USPTO duly and legally issued, and For the Ages holds all right, title, and interest in and to, the '640 patent.

18.     The '640 patent is in full force and effect, and is valid and enforceable.

19.     Upon information and belief, HMS has infringed and continues to infringe at least Claim 1 of the '640 patent by, *inter alia*, making, using, selling, offering for sale, and/or importing the accused product, as detailed in the preliminary infringement analysis attached as **Exhibit D**.

20.     HMS's actions constitute direct infringement of the '640 patent, either literally or under the doctrine of equivalents.

21.     Upon information and belief, HMS continues to engage in its infringing activities, including inducing infringement of the '640 patent among its distributors, retailers, resellers, customers, users, and/or licensees of the accused product.

22.     The accused product has no substantially non-infringing use.

23.     For the Ages has not licensed or authorized any of HMS's actions, either expressly or by implication, and HMS has no license to practice the '640 patent.

24.     HMS's infringing conduct has injured and continues to injure For the Ages, and it is entitled to damages adequate to compensate it for such infringement.

25.     HMS's infringing conduct has caused and continues to cause irreparable injury to For the Ages, for which remedies at law are inadequate to compensate it, such that the issuance of a permanent injunction against HMS's further manufacture, use, sale, importation, and/or offer for sale of products that infringe any of the asserted patents is warranted.

## COUNT II

### Infringement of U.S. Patent No. 8,746,491

26.     For the Ages incorporates by reference the allegations set forth in Paragraphs 1 through 25 as though fully set forth herein.

27.     The USPTO duly and legally issued, and For the Ages holds all right, title, and interest in and to, the '491 patent.

28.     The '491 patent is in full force and effect, and is valid and enforceable.

29.     Upon information and belief, HMS has infringed and continues to infringe at least Claims 1, 8, and 9 of the '491 patent by, *inter alia*, making, using, selling, offering for sale, and/or importing the accused product, as detailed in the preliminary infringement analysis attached as **Exhibit E**.

30.     HMS's actions constitute direct infringement of the '491 patent, either literally or under the doctrine of equivalents.

31.     Upon information and belief, HMS continues to engage in its infringing activities, including inducing infringement of the '491 patent among its distributors, retailers, resellers, customers, users, and/or licensees of the accused product.

32.     The accused product has no substantially non-infringing use.

33.     For the Ages has not licensed or authorized any of HMS's actions, either expressly or by implication, and HMS has no license to practice the '491 patent.

34.     HMS's infringing conduct has injured and continues to injure For the Ages, and it is entitled to damages adequate to compensate it for such infringement.

35.     HMS's infringing conduct has caused and continues to cause irreparable injury to For the Ages, for which remedies at law are inadequate to compensate it, such that the issuance of a permanent injunction against HMS's

further manufacture, use, sale, importation, and/or offer for sale of products that infringe any of the asserted patents is warranted.

## COUNT III

### Infringement of U.S. Patent No. 9,226,558

36.    For the Ages incorporates by reference the allegations set forth in Paragraphs 1 through 35 as though fully set forth herein.

37.    The USPTO duly and legally issued, and For the Ages holds all right, title, and interest in and to, the '558 patent.

38.    The '558 patent is in full force and effect, and is valid and enforceable.

39.    Upon information and belief, HMS has infringed and continues to infringe at least Claim 1 of the '558 patent by, *inter alia*, making, using, selling, offering for sale, and/or importing the accused product, as detailed in the preliminary infringement analysis attached as **Exhibit F**.

40.    HMS's actions constitute direct infringement of the '558 patent, either literally or under the doctrine of equivalents.

41.    Upon information and belief, HMS continues to engage in its infringing activities, including inducing infringement of the '558 patent among its distributors, retailers, resellers, customers, users, and/or licensees of the accused product.

42.    The accused product has no substantially non-infringing use.

43.    For the Ages has not licensed or authorized any of HMS's actions, either expressly or by implication, and HMS has no license to practice the '558 patent.

44.    HMS's infringing conduct has injured and continues to injure For the Ages, and it is entitled to damages adequate to compensate it for such infringement.

45.    HMS's infringing conduct has caused and continues to cause irreparable injury to For the Ages, for which remedies at law are inadequate to compensate it, such that the issuance of a permanent injunction against HMS's further manufacture, use, sale, importation, and/or offer for sale of products that infringe any of the asserted patents is warranted.

## PRAYER FOR RELIEF

WHEREFORE, For the Ages prays for an Order, Judgment, and Injunction, as follows:

A.    On each Claim, judgment in favor of For the Ages and against HMS, along with costs and attorneys' fees;

B.    For entry of a preliminary injunction prohibiting further infringement of each of the '640 patent, the '491 patent, and the '558 patent by HMS, its agents, employees, representatives, successors, and assigns and those acting in concert or

8

859761.v3

privity with them;

C.    For an award of actual damages against HMS for damages arising from the infringement of each of the '640 patent, the '491 patent, and the '558 patent;

D.    For a declaration that this case is exceptional under 35 U.S.C. § 285, and for the award of treble damages, attorneys' fees, and the costs of the action pursuant to that statute;

E.    For an award of pre-judgment and post-judgment interest pursuant to 35 U.S.C. § 284 and 28 U.S.C. § 1961 at the maximum rate allowed by law; and

F.    For such other and further relief as the Court considers fair and just.

**JURY DEMAND**

For the Ages demands a trial by jury on all claims and issues so triable.

**CERTIFICATE OF COMPLIANCE**

Pursuant to E.D. Mich. LR 5.1(a) I hereby certify that the foregoing has been prepared using one of the font and point selections approved by the Court in E.D. Mich. LR 5.1(a)(3). This document was prepared using Times New Roman (14 pt.) font.

Dated:        July 25, 2017              Respectfully submitted,


                                        /s/ Jeffrey K. Techentin
                                        Jeffrey K. Techentin
                                        jtechentin@apslaw.com
                                        ADLER POLLOCK & SHEEHAN P.C.
                                        One Citizens Plaza, 8th Floor
                                        Providence, RI 02903
                                        Tel: (401) 274-7200
                                        Fax: (401) 351-4607

                                        John T. Hermann
                                        hermannlawoffices@comcast.net
                                        Law Offices of John T. Hermann PC
                                        2684 West 11 Mile Rd.
                                        Berkley, MI 48072
                                        Tel.: (248) 591-9291
                                        Fax: (248) 591-2304

                                        *Attorneys for Plaintiff 1712308 ONTARIO*
                                        *INC. O/A FOR THE AGES, INC.*